[Cite as *Knight v. Hartville Hardware, Inc.*, 2016-Ohio-1074.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| RICHARD KNIGHT | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 2015CA00121 |
| | : | |
| HARTVILLE HARDWARE, INC. | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
                             Common Pleas, Case No.
                             2014CV02572



JUDGMENT:                    AFFIRMED



DATE OF JUDGMENT ENTRY:      March 14, 2016



APPEARANCES:

For Plaintiff-Appellant:              For Defendant-Appellee:

KANI HARVEY-HIGHTOWER                 KRISTEN E. CAMPBELL-TRAUB
One Cascade Plaza, Suite 2100         8040 Cleveland Ave., NW, Suite 400
Akron, OH 44308                       North Canton, OH 44720

*Delaney, J.*

{¶1}   Plaintiff-Appellant Richard Knight appeals the May 21, 2015 judgment entry of the Stark County Court of Common Pleas granting summary judgment in favor of Defendant-Appellee Hartville Hardware, Inc.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   Plaintiff-Appellant Richard Knight is a resident of Florida and he was visiting family in Ohio in October 2013. On October 25, 2013, Knight visited the store, Hartville Hardware, located in Hartville, Ohio. It was Knight's first visit to Hartville Hardware and he intended to purchase souvenirs at the store. The weather on October 25, 2013 was sunny and bright.

{¶3}   Knight entered Hartville Hardware, but he could not recall which entrance he used. He made some purchases at Hartville Hardware and then exited the store to purchase cheese for his wife in a different area. He drove his car and parked it near the rear of the store. He purchased the cheese and more souvenirs. He drove back to the Hartville Hardware parking lot and parked in the front of the store. Knight intended to go back into Hartville Hardware. Knight could not recall whether he was entering the store at the same entrance as before. As Knight was walking to the front entrance of Hartville Hardware from the parking lot, he states something caught his foot. Knight fell straight down, resulting in serious injuries to both his kneecaps.

{¶4}   Knight fell where the concrete sidewalk met the asphalt parking lot.  The concrete sidewalk was a light grey or white color and the asphalt parking lot was a black color. One part of the concrete sidewalk is gradually sloped down from the entrance to the store to the parking lot. The sloped area is to allow handicap accessibility to the store

or for store patrons to transfer shopping carts from the store to the parking lot. The concrete sidewalk to the left and right of the sloped area gradually increases into a traditional curb that a patron would have to step up to enter the store. Knight testified it appeared to him on October 25, 2013, that the entire concrete sidewalk was level with the parking lot. He stated his foot caught the corner of the concrete where the elevation of the concrete changed from the sloping area to a curb, causing him to fall. The sloping area of the sidewalk was not painted a different color from concrete sidewalk curb.

{¶5}   Knight filed a complaint in the Stark County Court of Common Pleas alleging common law negligence and negligence per se. Knight's wife filed a claim for loss of consortium.

{¶6}   Hartville Hardware filed a motion for summary judgment on April 10, 2015. In its motion, Hartville Hardware alleged the alleged hazard, the sloping sidewalk, was open and obvious. Knight argued there were genuine issues of material fact as to his claims for negligence and negligence per se.

{¶7}   On May 21, 2015, the trial court granted the motion for summary judgment of Hartville Hardware. It is from this decision Knight now appeals.

## ASSIGNMENTS OF ERROR

{¶8}   Knight raises two Assignments of Error:

{¶9}   '"I. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT GRANTED SUMMARY JUDGMENT TO THE DEFENDANT, AS THE DEFENDANT FAILED TO MEET ITS BURDEN, GENUINE ISSUE OF MATERIAL FACT REMAINED, AND THE COURT FAILED TO PROPERLY CONSIDER ALL THE FACTS IN THE LIGHT MOST FAVORABLE TO THE PLAINTIFF.

{¶10} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT GRANTED SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANT WHEN IT FAILED TO ADDRESS ALL CLAIMS RAISED IN THE COMPLAINT."

**ANALYSIS**

**I.**

***Standard of Review***

{¶11} Knight argues in his first Assignment of Error that the trial court erred in granting summary judgment in favor of Hartville Hardware. We refer to Civ.R. 56(C) in reviewing a motion for summary judgment which provides, in pertinent part:

> Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.* * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶12} The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court, which demonstrate the absence of a genuine issue of fact on a material element of

the nonmoving party's claim. *Dresher v. Burt,* 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). The nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler,* 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

{¶13} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. *Vahila v. Hall,* 77 Ohio St.3d 421, 429, 674 N.E.2d 1164 (1997), citing *Dresher v. Burt,* 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).

### Business Invitee

{¶14} The issue in this case is whether Hartville Hardware was negligent. In order to establish a claim for negligence, a plaintiff must show: (1) a duty on the part of defendant to protect the plaintiff from injury; (2) a breach of that duty; and (3) an injury proximately resulting from the breach. *Jeffers v. Olexo,* 43 Ohio St.3d 140, 142, 539 N.E.2d 614 (1989).

{¶15} In a premises liability case, the relationship between the owner or occupier of the premises and the injured party determines the duty owed. *Gladon v. Greater Cleveland Regional Transit Auth.,* 75 Ohio St.3d 312, 315, 1996–Ohio–137, 662 N.E.2d 287; *Shump v. First Continental–Robinwood Assocs.,* 71 Ohio St.3d 414, 417, 644 N.E.2d 291 (1994). Ohio adheres to the common-law classifications of invitee, licensee, and trespasser in cases of premises liability. *Shump, supra; Boydston v. Norfolk S. Corp.,* 73 Ohio App.3d 727, 733, 598 N.E.2d 171, 175 (4th Dist.1991).

{¶16} There is no dispute between the parties that on October 25, 2013, Knight was a business invitee. An invitee is defined as a person who rightfully enters and remains on the premises of another at the express or implied invitation of the owner and for a purpose beneficial to the owner. *Broka v. Cornell's IGA Foodliner Inc.,* 5th Dist. No. 12CA100, 2013–Ohio–2506, ¶ 20 citing *Gladon, supra* at 315. The owner or occupier of the premises owes the invitee a duty to exercise ordinary care to maintain its premises in a reasonably safe condition, such that its invitees will not unreasonably or unnecessarily be exposed to danger. *Paschal v. Rite Aid Pharmacy, Inc.,* 18 Ohio St.3d 203, 480 N.E.2d 474 (1985). A premises owner must warn its invitees of latent or concealed dangers if the owner knows or has reason to know of the hidden dangers. *See Jackson v. Kings Island* 58 Ohio St.2d 357, 358, 390 N.E.2d 810 (1979). However, a premises owner is not an insurer of its invitees' safety against all forms of accidents that may happen. *Paschal, supra* at 204. Invitees are expected to take reasonable precautions to avoid dangers that are patent or obvious. *See Brinkman v. Ross,* 68 Ohio St.3d 82, 84, 623 N.E.2d 1175 (1993); *Sidle v. Humphrey* 13 Ohio St.2d 45, 233 N.E.2d 589 (1968), paragraph one of the syllabus.

### *Open and Obvious*

{¶17} The business owner is not an insurer of the customer's safety, but it does owe the business invitee a duty of ordinary care to maintain the premises in a reasonably safe condition and to warn of hidden dangers. Under Ohio law, however, a business owner owes no duty to protect an invitee from dangers that are known to the invitee or are so obvious and apparent to the invitee that he or she may be reasonably expected to discover them and protect him or her against them. *Sidle v. Humphrey,* 13 Ohio St.2d 45,

48, 233 N.E.2d 589 (1968). In *Armstrong v. Best Buy Company, Inc.,* the Ohio Supreme Court found a premises owner owes no duty to persons entering the premises regarding dangers that open and obvious. 99 Ohio St.3d 79, 2003–Ohio-2573, 788 N.E.2d 1088, paragraph 5 of the syllabus, citing *Sidle v. Humphrey,* 13 Ohio St.2d 45, 233 N.E.2d 589 (1968), paragraph 1 of the syllabus by the court. The rationale of the open and obvious doctrine is that the open and obvious nature of the hazard itself serves as a warning, so that owners reasonably may expect their invitees to discover the hazard and take appropriate measures to protect themselves against it. *Simmers v. Bentley Constr. Co.,* 64 Ohio St.3d 642, 644, 597 N.E.2d 504 (1992).

{¶18} When considering whether a condition is open and obvious, the court must consider the nature of the condition itself, not the plaintiff's conduct in encountering the condition. *Jacobsen v. Coon Restoration & Sealants, Inc.,* 5th Dist. Stark No. 2011–CA–00001, 2011–Ohio–3563, ¶ 18 citing *Armstrong, supra.* The dangerous condition at issue, however, does not actually have to be observed by the plaintiff to be an open and obvious condition under the law. *Kraft v. Johnny Biggs Mansfield, LLC,* 5th Dist. Richland No. 2012 CA 0068, 2012–Ohio–5502, ¶ 16 citing *Aycock v. Sandy Valley Church of God,* 5th Dist. Tuscarawas No. 2006 AP 09 0054, 2008–Ohio–105. The determinative issue is whether the condition is observable. *Id.* The landowner's duty is not to be determined by questioning "whether the [condition] could have been made perfect or foolproof. The issue is whether the conditions that did exist were open and obvious to any person exercising reasonable care and watching where she was going." *Jackson v. Pike Cty. Bd. Of Commrs.*, 4th Dist. Pike No. 10CA805, 2010-Ohio-4875, ¶ 18 quoting *Orens v. Ricardo's Restaurant*, 8th Dist. Cuyahoga No. 70403, 1996 WL 661024 (Nov. 14, 1996).

{¶19} In this case, we agree with the trial court's determination that the danger associated with the concrete sidewalk was open and obvious. Nothing about the concrete sidewalk was hidden or concealed from view. Knight testified the concrete was in pristine condition and opined that it looked brand new. The color of the concrete sidewalk contrasted with the color of the asphalt parking lot. The weather on October 25, 2013 was sunny and bright and the fall occurred between 1:00 and 2:00 p.m. Knight was not carrying anything in his arms to obstruct his view of the sidewalk. When he fell, Knight was entering Hartville Hardware for the second time in the same day. He entered and exited the store earlier that day without incident.

{¶20} Knight argues Hartville Hardware should have painted the sidewalk to mark the sloping area from the curbed area to alert patrons to the change in elevation. As stated above, the issue is not whether Hartville Hardware could make the condition of the sidewalk trip-proof, but whether a reasonable person under the circumstances would observe the condition. Under these circumstances, we find that reasonable minds could only conclude the condition of the concrete sidewalk was open and obvious. Hartville Hardware, as a matter of law, did not owe Knight a duty of care to warn Knight as to the condition of the concrete sidewalk.

{¶21} Knight's first Assignment of Error is overruled.

**II.**

{¶22} Knight argues in his second Assignment of Error that the trial court erred in failing to address his claim for negligence per se or his wife's claim for loss of consortium. We disagree.

### Negligence Per Se

{¶23} Knight argues Hartville Hardware and the trial court failed to address his claim that Hartville Hardware was negligent per se. A review of Knight's complaint and response to Hartville Hardware's motion for summary judgment shows that Knight does not refer to any statute or city code of which Hartville Hardware may have violated. Knight has not established there is a genuine issue of material fact that Hartville Hardware was negligent per se.

### Loss of Consortium

{¶24} Knight argues the trial court erred when it failed to address his wife's claim for loss of consortium. A loss of consortium claim is a derivative claim. " '[A] claim for loss of consortium is derivative in that the claim is dependent upon the defendant's having committed a legally cognizable tort upon the spouse who suffers bodily injury.' " *Main v. Lima*, 3rd Dist. Allen No. 1-14-42, 2015-Ohio-2572, 2015 WL 3939539, *5 quoting *Grassia v. Cleveland,* 8th Dist. Cuyahoga No. 93647, 2010–Ohio–2483, ¶ 26, fn. 8, quoting *Bowen v. Kil–Kare, Inc.*, 63 Ohio St.3d 84, 93, 585 N.E.2d 384 (1992).

{¶25} Because Knight's claims for negligence and negligence per se fail as a matter of law, the loss of consortium claim cannot be independently considered.

{¶26} Knight's second Assignment of Error is overruled.

**CONCLUSION**

{¶27} The judgment of the Stark County Court of Common Pleas is affirmed.

By: Delaney, J.,

Hoffman, P.J. and

Baldwin, J., concur.