[Cite as *Thornsley v. Lafferty's Coin-Op Laundry, L.L.C.*, 2022-Ohio-3907.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ASHLEY THORNSLEY, ET AL. | : | JUDGES: |
| | : | |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiffs-Appellants | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2021CA0027 |
| | : | |
| LAFFERTY'S COIN-OP LAUNDRY, | : | |
| LLC, ET AL. | : | |
| | : | |
| | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Coshocton County
Court of Common Pleas, Case No.
2020CI0261

JUDGMENT:     AFFIRMED

DATE OF JUDGMENT ENTRY:     November 1, 2022

APPEARANCES:

For Plaintiffs-Appellants:

BRIAN W. BENBOW
265 Sunrise Center Dr.
Zanesville, OH 43701

For Defendants-Appellees:

MITCHELL M. TALLAN
471 E. Broad St., 19th Floor
Columbus, OH 43215-3872

KEVIN R. BUSH
LORREE L. DENDIS
101 E. Town St., Suite 500
Columbus, OH 43215

WILLIAM OWENS
P.O. Box 787
413 Main St., 2nd Floor
Coshocton, OH 43812

*Delaney, J.*

{¶1} Plaintiffs-Appellants Ashley Thornsley and Chad Thornsley appeal the November 29, 2021 judgment entry of the Coshocton County Court of Common Pleas.

## FACTS AND PROCEDURAL HISTORY

### The Injury

{¶2} Ashley and Chad Thornsley were customers of Lafferty's Coin-Op Laundry located in Coshocton County, where they had been doing their laundry on weekly basis for two to three years. On October 18, 2018, a bright and sunny day, Ashley and Chad Thornsley parked their car in the asphalt parking lot of Lafferty's. Ashley got out of the car and removed a white plastic laundry basket filled with laundry, approximately 2.5 to 3 feet long and 1.5 foot wide, from the back seat. Ashley carried the basket in front of her as she walked towards Lafferty's. As she walked towards Lafferty's, Chad was at the car, getting out the second laundry basket.

{¶3} As Ashley stepped from the dark gray/black asphalt parking lot to the lighter gray cement sidewalk in front of Lafferty's, she tripped and fell. She fell into the side of Lafferty's doorway, where she struck her forehead. Chad heard Ashley fall. Someone called the emergency squad, but Ashley did not want to be transported to the hospital. She went to the hospital later where she was diagnosed with a cut to her forehead that caused a scar when it healed. She suffered head and neck pain after the fall.

### Complaint and Dispositive Motions

{¶4} On October 9, 2020, Plaintiffs-Appellants Ashley Thornsley and Chad Thornsley (hereinafter "Thornsley") filed a complaint for negligence in the Coshocton County Court of Common Pleas against Defendants-Appellees Lafferty's Coin-Op

Laundry, LLC, and Jeanne Davis Callahan. Callahan is the property owner and leases the property to Lafferty's. Lafferty's and Callahan filed answers to the complaint.

{¶5} Callahan filed a motion for leave to file a dispositive motion on August 11, 2021. In support of her motion for summary judgment, Callahan filed the depositions of Ashley Thornsley, Chad Thornsley, Thomas Lafferty, Linda Lafferty, and Jeanne Davis Callahan with the trial court on August 12, 2021. All the depositions were taken on April 22, 2021 by Zoom because of the COVID-19 pandemic. On August 17, 2021, Lafferty's filed a motion for leave to file a dispositive motion. The trial court granted leave to file summary judgment on September 2, 2021.

{¶6} On September 28, 2021, Thornsley filed a Civ.R. 56(F) motion requesting 30 additional days to respond to the summary judgment motions. Thornsley raised multiple arguments in support, including that Ashley Thornsley had tested positive for COVID-19 and could not meet with her counsel to prepare her response. She also noted that her deposition transcript filed in support of the motion for summary judgment was not signed and she did not waive her signature. She needed additional time to draft an affidavit contra to the summary judgment motions.

{¶7} Following the Civ.R. 56(F) motion, Thornsley filed a motion on October 5, 2021, to strike all three deposition transcripts filed in support of the summary judgment motions. The motion did not identify which three of the five filed depositions should be stricken. Thornsley first argued the court reporter administered the oath remotely in contravention of the Rules of Civil Procedure and the Ohio Supreme Court's 07/31/2020 *Administrative Actions*, 2020-Ohio-386. Thornsley argued the Supreme Court's July 31, 2020 Order terminated the Court's prior Order permitting the remote administration of the

oath during the COVID-19 pandemic. Because the court reporter's administration of the oath was invalid, the three depositions were invalid and could not be used as Civ.R. 56 evidence. Thornsley next argued they had not waived their signatures and the filed depositions were not signed. The unsigned depositions were in violation of Civ.R. 30(E) and could not be used as Civ.R. 56 evidence.

{¶8} Also on October 5, 2021, Thornsley filed a reply to their Civ.R. 56(F) motion, reiterating they needed an additional 30 days to respond to the motions for summary judgment. Ashley Thornsley contended her deposition was conducted without direct examination and she should be allowed to expand on her deposition testimony. She was completing an errata sheet.

{¶9} Callahan responded to the Civ.R. 56(F) motion and motion to strike the depositions. Counsel stated the April 22, 2021 depositions were made available to Thornsley in June 2021. Signature letters had been sent to the deposed parties. Thornsley responded with an email from the court reporter sent to them on October 6, 2021, stating the deposition transcript was available for reading, signing, and correcting for a period of 30 days.

{¶10} On October 15, 2021, the trial court granted Thornsley until October 30, 2021 to respond to the motions for summary judgment. It found the contested depositions were originally filed with the trial court on August 12, 2021, giving Thornsley ample time to review the depositions and make changes.

{¶11} The trial court also denied Thornsley's motion to strike the depositions. It first found the Ohio Supreme Court's 07/31/2020 *Administrative Actions*, 2020-Ohio-386,

extended the authority of a court reporter to administer an oath remotely. It next found with the extension until October 30, 2021, Thornsley could respond to the deposition.

**Motions for Summary Judgment**

{¶12} In Callahan and Lafferty's motions for summary judgment, they argued that under the law of premises liability, they were not liable for Ashley Thornsley's fall in the parking lot. During her deposition, Ashley Thornsley testified that the sidewalk was not level with the parking lot. She testified that as she carried her laundry basket, she could not see the curb of the sidewalk. She tripped when she stepped from the parking lot to the sidewalk. Photographs of the sidewalk and parking lot were attached as exhibits to Ashley Thornsley's deposition. While she had frequented Lafferty's once a week for two to three years prior to her fall on October 18, 2018, she had never tripped on the sidewalk before and had never notified Lafferty's or Callahan of any defect in the parking lot or sidewalk.

{¶13} Thornsley filed their response to the motions for summary judgment on October 29, 2021. In support of their response, Thornsley filed the October 28, 2021 affidavit of Ashley Thornsley. In her affidavit, Ashley Thornsley stated that her "fall happened when I travelled over crumbling pavement and loose stone that caused me to lose my balance when climbing over an obscured curb." (Ashley Thornsley aff., ¶ 9). She was not able to see the loose stone because her feet were obscured by the laundry basket she was carrying. (Ashley Thornsley aff., ¶ 10). Thornsley argued there was a genuine issue of material fact whether Lafferty's and Callahan negligently maintained the parking lot, with the loose pavement creating a dangerous condition that was not open and obvious. Further, because Ashley Thornsley was carrying a laundry basket that obscured

her view of the ground at the time of her fall, there was an attendant circumstance defeating the defense of an open and obvious condition.

{¶14} On November 9, 2021, Thornsley filed a motion to strike the motions for summary judgment and a motion to suppress Ashley Thornsley's deposition. Her deposition remained unsigned, and the court reporter had not signed the deposition.

{¶15} On November 29, 2021, Callahan filed a notice with the trial court of Ashley and Chad Thornsley's signatures on their depositions. The depositions were signed on November 1, 2021.

**Judgment Entry**

{¶16} On November 29, 2021, the trial court issued its judgment entry granting summary judgment in favor of Lafferty's and Callahan and dismissed Thornsley's complaint for negligence. The trial court found that pursuant to Ashley Thornsley's deposition, it was undisputed that she injured herself when she tripped over a sidewalk as she attempted to enter the laundromat. (Judgment Entry, Nov. 29, 2021, ¶ 8). The photographic deposition exhibits showed the concrete sidewalk and black parking lot pavement. There was nothing about the curb that was hidden or concealed from view; the difference in height between the sidewalk and the parking lot was open and obvious. (Judgment Entry, Nov. 29, 2021, ¶ 9, 10). The trial court found in reviewing Ashley Thornsley's deposition with her affidavit, her affidavit contradicted her deposition. Specifically, Ashley Thornsley admitted in her deposition that she tripped over the curb that leads to the sidewalk. In her affidavit, she stated her fall happened when the loose stone of the parking lot pavement caused her to lose her balance when stepping onto the obscured curb. (Judgment Entry, Nov. 29, 2021, ¶ 13, 14). Due to her contradicting

explanations for her fall, Ashley Thornsley's affidavit was not considered by the trial court. (Judgment Entry, Nov. 29, 2021, ¶ 15).

{¶17} It is from this judgment entry that Thornsley now appeal.

**ASSIGNMENT OF ERROR**

{¶18} Thornsley raises one Assignment of Error:

{¶19} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT. THE TRIAL COURT ERRED IN NOT CONSIDERING SWORN FACTS BY ASHLEY THORNSLEY IN HER AFFIDAVIT. AS SUCH, THE TRIAL COURT CONSTRUED THE SUMMARY JUDGMENT MOTION IN A LIGHT MOST FAVORABLE TO THE MOVING PARTY IN DIRECT VIOLATION OF CIV.R. 56(C). THE TRIAL COURT FURTHER ERRED AS A MATTER OF LAW IN NOT PROPERLY APPLYING "ATTENDANT CIRCUMSTANCES," WHICH LEGAL STANDARD WAS NOT EVEN CITED BY THE TRIAL COURT DESPITE CLEARLY APPLYING THEREIN. THE ATTENDANT CIRCUMSTANCES CREATED GENUINE ISSUES OF MATTER OF FACT PRECLUDING JUDGMENT AS A MATTER OF LAW, AS SUCH, THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DENYING APPELLANTS THEIR CONSTITUTIONAL RIGHT TO A TRIAL BY JURY."

**ANALYSIS**

{¶20} In their sole Assignment of Error, Thornsley contends the trial court erred in granting summary judgment in favor of Lafferty's and Callahan. We disagree.

**Summary Judgment Standard of Review**

{¶21} Civ.R. 56 states in pertinent part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed mostly strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

{¶22} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996). Once the moving party meets its initial burden, the burden shifts to the nonmoving party to set forth specific facts demonstrating a genuine issue of material fact does exist. *Id.* The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary materials showing a genuine dispute over material facts. *Henkle v. Henkle*, 75 Ohio App.3d 732, 600 N.E.2d 791(12th Dist.1991).

{¶23} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning–Ferris Inds. of Ohio, Inc.*, 15 Ohio St.3d 321, 474 N.E.2d 271 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist.1999).

{¶24} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 738 N.E.2d 1243 (2000).

**Deposition of Ashley Thornsley**

{¶25} In her sole Assignment of Error, Thornsley raises multiple errors as to the admission and use of Ashley Thornsley's deposition as Civ.R. 56 evidence. We address the alleged errors before conducting our de novo review of the motions for summary judgment.

<u>Deposition Signature</u>

{¶26} Thornsley first argues the trial court erred in considering Ashley Thornsley's deposition because she did not sign the deposition pursuant to Civ.R. 30(E). Civ.R. 30(E) sets forth the requirements after a deposition is taken:

**(E) Submission to Witness; Changes; Signing**. When the testimony is fully transcribed, the deposition shall be submitted to the witness for examination and shall be read to or by the witness, unless examination and reading are waived by the witness and by the parties. Any changes in form or substance that the witness desires to make shall be entered upon the deposition by the officer with a statement of the reasons given by the witness for making them. The deposition shall then be signed by the witness, unless the parties by stipulation waive the signing or the witness is ill, cannot be found, or refuses to sign. The witness shall have thirty days from submission of the deposition to the witness to review and sign the deposition. * * * If the deposition is not signed by the witness during the period prescribed in this division, the officer shall sign it and state on the record the fact of the waiver or of the illness or absence of the witness or the fact of the refusal to sign together with the reason, if any, given therefor; and the deposition may then be used as fully as though signed, unless on a motion to suppress the court holds that the reasons given for the refusal to sign require rejection of the deposition in whole or in part.

{¶27} The record in this case shows that Ashley and Chad Thornsley signed the April 22, 2021 depositions on November 1, 2021. The Coshocton County Clerk of Court's docket shows the signature pages were submitted to the trial court on November 29, 2021 at 11:03 a.m. The trial court's judgment granting summary judgment was filed on November 29, 2021 at 3:18 p.m. It appears from the record that Callahan and Lafferty's

complied with Civ.R. 30(E) prior to the trial court's ruling on summary judgment and therefore the deposition was properly before the trial court pursuant to Civ.R. 56.

Contradictory Affidavit

{¶28} In support of their motions for summary judgment, Callahan and Lafferty's provided the deposition of Ashley Thornsley. Thornsley presented the affidavit of Ashley Thornsley in their response to the motion for summary judgment, arguing her affidavit demonstrated there was a genuine issue of material fact as to negligence. The trial court compared the deposition and affidavit and found they were inconsistent, with no explanation from Thornsley as to the contradictions. As such, the trial court rejected the affidavit and considered only Ashley Thornsley's deposition testimony when it determined whether a genuine issue of material fact existed. Thornsley argues it was error for the trial court to reject the affidavit.

{¶29} It is well-settled that "when an inconsistent affidavit is presented in support of, or in opposition to, a motion for summary judgment, a trial court must consider whether the affidavit contradicts or merely supplements the affiant's earlier sworn testimony. A movant's contradictory affidavit will prevent summary judgment in that party's favor. A nonmoving party's contradictory affidavit must sufficiently explain the contradiction before a genuine issue of material fact is created." *Byrd v. Smith*, 110 Ohio St.3d 24, 850 N.E.2d 47, 2006–Ohio–3455, ¶ 29. In this case it is Thornsley, the non-moving party, who presented the allegedly inconsistent affidavit in support of their response to the motion for summary judgment. We compare the relevant portions of Ashley Thornsley's April 22, 2021 deposition with her October 28, 2021 affidavit to determine if they are contradictory.

{¶30} At her April 22, 2021 deposition conducted by counsel for Lafferty's and Callahan, Ashley Thornsley was cross-examined on what she remembered about her fall on October 18, 2018:

Q. I want you to think very carefully and think about it before you start telling me, but describe for me everything that you felt in terms of a sensation to your legs or feet as to what you remember last hitting either with your left foot or your right foot just, you know, that caused you to lose your balance and fall. Do you follow my question, first of all?

A. Yes.

Q. Okay. So think about it as to what you perceived through either your left foot or your right foot and tell me whether it was the left foot or the right foot when you answer me and what you felt that suddenly caused you to first lose your balance.

A. I don't remember too much after I hit my head. I remember realizing I had no choice. I was going down. I had the basket in my hand. And when my boot tripped over that — the sidewalk there, it was like it happened so fast, you know. I remember opening up my eyes. The hit to the cement wall was horrible.

* * *

Q. That answer is fine, but it actually covers a lot of stuff afterwards. I want to focus just on the spilt second or second or two where you suddenly were no longer upright without problem, you were instead losing your balance and starting to fall. I want to know everything you can tell me regarding

whether it was because of hitting something with your left foot or your right foot or whichever foot it was, what did you feel. And so far you're saying you don't remember?

A. I don't — I remember my boot feeling like it didn't come up over it and the basket in my hand, and that's about all I remember. I remember the hit.

Q. Okay. So just to drill down on that a little bit, we'll move on. You can't say if it was your left foot or your right foot that caused you to fall?

A. No.

Q. And likewise, you can't say if it was the toe of one of your feet versus the heel versus the middle of the foot or your boot?

A. No.

Q. Sometimes people will say, I remember my ankle caving in or I remember that I stubbed my foot or I remember I caught my heel. In this case you just don't remember any of that?

A. No.

(T. 39-41).

{¶31} Lafferty's counsel reviewed with Ashley Thornsley the EMS report prepared on the day of her fall:

Q. All right. We're going back to this EMS record that I started to talk about. You'll see at the top it has an account of apparently what you told the EMS. I want to go through it with you.

* * *

Q. "Patient stating she did not see the little curve [sic] going into the business because she was carrying laundry." Did you say that to them?

A. Correct.

(T. 51-52).

{¶32} Counsel for Callahan also cross-examined Ashley Thornsley as to her recollection of her fall on October 18, 2018:

Q. All right. And you indicated that you believe that you tripped over the curb. And that curb that you're talking about is the curb that leads up to the sidewalk, right?

A. Yes.

Q. All right. Now, in response to one of the questions that Mr. Tallan asked you, you indicated that you thought something should be fixed. So my question to you is: What's the specific condition or what's the problem that you think should have been fixed?

A. Where I tripped, where the sidewalk is, you know, deeper than where I fell. I mean, I – maybe more level.

Q. But as I understand it, you have to step up to the sidewalk to get off the parking lot?

A. In some places, not all places.

Q. But that condition had been there forever as far as you know?

A. Correct.

(T. 72-73).

{¶33} In her October 28, 2021 affidavit, Ashley Thornsley averred:

9. My fall happened when I travelled over crumbling pavement and loose stone that caused me to lose my balance when climbing over an obscured curb.

10. I was not able to see the loose stone because my feet were obscured by the laundry basket I was carrying into Defendant's premises to conduct business inside the Laundromat.

{¶34} In their response to the motion for summary judgment and other related motions, Thornsley contends the October 28, 2021 affidavit was not contradictory to the April 22, 2021 deposition. Thornsley argues the April 22, 2021 deposition demonstrated the questions presented to Ashley Thornsley were vague and non-specific, where the affidavit provides clear answers as to how she fell on October 18, 2018.

{¶35} Upon our comparison of the October 28, 2021 affidavit with the April 22, 2021 deposition, we agree with the trial court that the affidavit contradicts the deposition as to Ashley Thornsley's explanation of her fall. The deposition shows that Ashley Thornsley was asked multiple times to explain her fall on October 18, 2018. Ashley Thornsley provided narrative answers to the deposition questions, allowing details such as to how her left or right boot felt when she fell. During her narrative deposition answers, Ashley Thornsley never mentioned the crumbling pavement and loose stone as the cause of her fall. She was specifically asked by counsel on cross-examination, "What's the specific condition or what's the problem that you think should have been fixed?" She answered, "Where I tripped, where the sidewalk is, you know, deeper than where I fell. I mean, I – maybe more level." (T. 72-73). Her affidavit, in contradiction to her narrative

deposition answers, states that her fall was caused by crumbling pavement and loose stone that caused her to trip.

{¶36} If a non-moving party has presented conflicting testimony, in which the affidavit is inconsistent with prior deposition testimony as to material facts, the affidavit may be permitted if the affidavit demonstrates the affiant was confused at the deposition or gives a reason for the contradictions. *See Huberty v. Esber Beverage Co.*, 5th Dist. Stark No. 2001CA00202, 2001 WL 1673749, *3 (Dec. 31, 2001). In their response to the motions for summary judgment, Thornsley contends the deposition questions asked to Ashley Thornsley were vague and non-specific; counsel interrupted her during her explanations. While Thornsley raises these explanations for the contradiction between the affidavit and the deposition in their response to the motions for summary judgment, the law provides that the *affidavit* must demonstrate the affiant was confused at the deposition or give a reason for the contradiction. A review of Ashley Thornsley's October 28, 2021 affidavit shows that she, as the affiant, provided no explanation for her contradictory averments. Her affidavit provides only this statement that could be interpreted as an explanation for the contradiction between her affidavit and deposition:

6. Defendants continually allege that I do not know what caused my fall. I cannot understand how they lack this information. Defendants even went so far as to falsely state that "Plaintiff has not submitted any evidence that calls into question the actual state of the sidewalk was in a state of disrepair." I'm not certain how Defendants can make this unfounded allegation when I am the only party who produced photographs of the

scene, which are attached. I have not seen one photograph produced by

Defendants that shows the parking [sic] in a state of "repair."

(Ashley Thornsley aff., ¶ 6).

{¶37} We find Ashley Thornsley's October 28, 2021 affidavit contradicts her April 22, 2021 deposition and does not provide an explanation for the contradiction. The trial court did not err in finding the affidavit did not create a genuine issue or fact which could preclude summary judgment.

### Negligence

{¶38} We next conduct a de novo review to determine if Callahan and Lafferty's are entitled to summary judgment on Thornsley's claim of negligence. To establish a cause of action for negligence, a plaintiff must demonstrate (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; and (3) the plaintiff suffered injury proximately caused by the defendant's breach of duty. *Simmons v. Quarry Golf Club, L.L.C.*, 5th Dist. No. 2015CA00143, 2016-Ohio-525, 60 N.E.3d 454, 2016 WL 561736, ¶ 19 citing *Menifee v. Ohio Welding Products, Inc.*, 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984).

{¶39} The existence of a duty and the level of care that a defendant owes to plaintiff is established by the plaintiff's relationship to the defendant. In this case, there is no dispute that on October 18, 2018, Callahan was the property owner, Lafferty's was the business owner, and Ashley Thornsley was a business invitee. An invitee is defined as a person who rightfully enters and remains on the premises of another at the express or implied invitation of the owner and for a purpose beneficial to the owner. *Tan v. Marc Glassman, Inc.*, 5th Dist. Stark No. 2019CA00036, 2019-Ohio-4043, 2019 WL 4854456,

¶ 19 citing *Broka v. Cornell's IGA Foodliner Inc.*, 5th Dist. No. 12CA100, 2013-Ohio-2506, 2013 WL 3147687, ¶ 20 citing *Gladon v. Greater Cleveland Regional Transit Auth.*, 75 Ohio St.3d 312, 315, 662 N.E.2d 287 (1996).

{¶40} A property owner owes its business invitees a duty of ordinary care to maintain the premises in a reasonably safe condition and to warn of hidden dangers. *Simmons*, 2016-Ohio-525, ¶ 25 citing *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 480 N.E.2d 474 (1985). A premises owner must warn its invitees of latent or concealed dangers if the owner knows or has reason to know of the hidden dangers. *Knight v. Hartville Hardware, Inc.*, 5th Dist. Stark No. 2015CA00121, 2016-Ohio-1074, 2016 WL 1051598, ¶ 16 citing *Jackson v. Kings Island,* 58 Ohio St.2d 357, 358, 390 N.E.2d 810 (1979). However, a premises owner is not an insurer of its invitees' safety against all forms of accidents that may happen. *Paschal, supra* at 204, 480 N.E.2d 474. Invitees are expected to take reasonable precautions to avoid dangers that are patent or obvious. *See Brinkman v. Ross*, 68 Ohio St.3d 82, 84, 623 N.E.2d 1175 (1993); *Sidle v. Humphrey,* 13 Ohio St.2d 45, 233 N.E.2d 589 (1968), paragraph one of the syllabus.

### Open and Obvious

{¶41} The business owner is not an insurer of the customer's safety, but it does owe the business invitee a duty of ordinary care to maintain the premises in a reasonably safe condition and to warn of hidden dangers. Under Ohio law, however, a business owner owes no duty to protect an invitee from dangers that are known to the invitee or are so obvious and apparent to the invitee that he or she may be reasonably expected to discover them and protect him or her against them. *Sidle v. Humphrey*, 13 Ohio St.2d 45, 48, 233 N.E.2d 589 (1968). In *Armstrong v. Best Buy Company, Inc.*, the Ohio Supreme

Court found a premises owner owes no duty to persons entering the premises regarding dangers that open and obvious. 99 Ohio St.3d 79, 2003–Ohio–2573, 788 N.E.2d 1088, paragraph 5 of the syllabus, citing *Sidle v. Humphrey*, 13 Ohio St.2d 45, 233 N.E.2d 589 (1968), paragraph 1 of the syllabus by the court. The rationale of the open and obvious doctrine is that the open and obvious nature of the hazard itself serves as a warning, so that owners reasonably may expect their invitees to discover the hazard and take appropriate measures to protect themselves against it. *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644, 597 N.E.2d 504 (1992).

{¶42} When considering whether a condition is open and obvious, the court must consider the nature of the condition itself, not the plaintiff's conduct in encountering the condition. *Knight v. Hartville Hardware, Inc.*, 5th Dist. Stark No. 2015CA00121, 2016-Ohio-1074, 2016 WL 1051598, ¶ 18 citing *Jacobsen v. Coon Restoration & Sealants, Inc.*, 5th Dist. Stark No. 2011–CA–00001, 2011–Ohio–3563, ¶ 18 citing *Armstrong, supra*. The dangerous condition at issue, however, does not actually have to be observed by the plaintiff to be an open and obvious condition under the law. *Kraft v. Johnny Biggs Mansfield, LLC*, 5th Dist. Richland No. 2012 CA 0068, 2012–Ohio–5502, ¶ 16 citing *Aycock v. Sandy Valley Church of God*, 5th Dist. Tuscarawas No. 2006 AP 09 0054, 2008–Ohio–105. The determinative issue is whether the condition is observable. *Id.* The landowner's duty is not to be determined by questioning "whether the [condition] could have been made perfect or foolproof. The issue is whether the conditions that did exist were open and obvious to any person exercising reasonable care and watching where she was going." *Jackson v. Pike Cty. Bd. Of Commrs.*, 4th Dist. Pike No. 10CA805, 2010–

Ohio–4875, ¶ 18 quoting *Orens v. Ricardo's Restaurant*, 8th Dist. Cuyahoga No. 70403, 1996 WL 661024 (Nov. 14, 1996).

**Attendant Circumstances**

{¶43} An exception to the open and obvious doctrine is the existence of attendant circumstances. Attendant circumstances may exist which distract an individual from exercising the degree of care an ordinary person would have exercised to avoid the danger, and "may create a genuine issue of material fact as to whether a hazard is open and obvious." *Mulcahy v. Best Buy Stores, LP*, 5th Dist. Delaware No. 13CAE060051, 2014-Ohio-1163, 2014 WL 1340657, ¶ 19 quoting *Aycock v. Sandy Valley Church of God*, at ¶ 26. There is no precise definition of attendant circumstances. *Carter v. Miles Supermarket*, 8th Dist. Cuyahoga No. 95024, 2010–Ohio–6365, ¶ 18. Attendant circumstances are factors that contribute to a fall and are beyond the injured person's control. *Kraft*, at ¶ 24. Attendant circumstances refer to all facts relating to the event, such as time, place, surroundings or background, and the conditions normally existing that would unreasonably increase the normal risk of a harmful result. (Internal citations omitted.) *Johnson v. Southview Hosp.*, 2nd Dist. Montgomery No. 25049, 2012-Ohio-4974, ¶ 17 citing *Collier v. Libations Lounge, L.L.C.*, 8th Dist. Cuyahoga No. 97504, 2012–Ohio–2390, ¶ 16. The analysis of attendant circumstances uses an objective test, and the court should not consider the particular actions of the parties in the case. *Jacobsen*, at ¶ 20. Attendant circumstances do not include any circumstance existing at the moment of a fall, unless the individual was distracted by an unusual circumstance created by the property owner. *Kraft*, at ¶ 24 citing *McGuire v. Sears, Roebuck & Co.*, 118 Ohio App.3d 494, 498, 693 N.E.2d 807 (1st Dist.1996).

**The Sidewalk Entrance was Open and Obvious**

{¶44} In this case, we agree with the trial court's determination as to negligence. The Civ.R. 56 evidence demonstrates there is no genuine issue of material fact that Ashley Thornsley fell when she tripped over the sidewalk curb as she attempted to enter Lafferty's. Ashley Thornsley's deposition included photographs of the sidewalk entrance, with which counsel asked her to identify the location where she fell. On one photograph, counsel circled the area in yellow where Ashley Thornsley testified that she believed tripped. (T. 27). That photograph, Exhibit B attached to Callahan's motion for summary judgment, shows a light gray colored cement sidewalk approximately one inch higher than the contrasting darker black of the asphalt parking lot. Ashley Thornsley testified she could not recall any changes to the parking lot or sidewalk entrance to Lafferty's in the two to three years she had been doing her laundry at the laundromat. (T. 72). We agree with the trial court that the danger associated with the sidewalk entrance was open and obvious, not hidden, not concealed from view, or undiscoverable upon ordinary inspection.

{¶45} The next issue raised by Thornsley is that regardless of the open and obvious nature of the hazard related to the sidewalk entrance, there was an attendant circumstance negating the application of the open and obvious doctrine. Thornsley contends that carrying a laundry basket into Lafferty's was an attendant circumstance that excused Ashely Thornsley's failure to observe and avoid the hazard of the sidewalk entrance.

{¶46} This Court has held that carrying a pizza box from a pizza shop to the plaintiff's car could be an attendant circumstance for not noticing a broken metal signpost

in the parking lot. *Jacobsen v. Coon Restoration & Sealants, Inc.*, 5th Dist. Stark No. 2011-CA-00001, 2011-Ohio-3563. We have also held that reasonable minds could come to differing conclusions as to whether a customer carrying a large, boxed item to purchase was an attendant circumstance negating the open and obvious hazard of the bottom shelf of an empty standing store fixture. *Mulcahy v. Best Buy Stores, Inc.*, 5th Dist. Delaware No. 13 CAE060051, 2014-Ohio-1163. An attendant circumstance must be an "unusual circumstances of the property owner's making." *Haller v. Meijer*, 10th Dist. Franklin No. 11AP-290, 2012-Ohio-670, ¶ 10 citing *McConnell v. Margello*, 10th Dist. Franklin No. 06AP–1235, 2007–Ohio–4860, ¶ 17, citing *Lang v. Holly Hill Motel, Inc.*, 4th Dist. Jackson No. 06CA18, 2007–Ohio3898; *See also Alsbury v. Dover Chem. Corp.*, 5th Dist. Tuscarawas No. 2008 AP 10 0068, 2009-Ohio-3831. Attendant circumstances do not include regularly encountered, ordinary, or common circumstances. *Johnson v. Southview Hosp.*, 2nd Dist. Montgomery No. 25049, 2012-Ohio-4974, 2012 WL 5292988, ¶ 17 citing Cooper v. Meijer, 10th Dist. Franklin No. 07AP–201, 2007–Ohio–6086, ¶ 17.

{¶47} Ashley Thornsley was carrying a laundry basket into the laundromat facility when she fell. Carrying a laundry basket when entering a laundromat facility is a regularly encountered, ordinary, and common circumstance. In this case, we are not presented with a business invitee carrying a box in their hands while encountering a broken metal signpost sticking up in a parking lot or a low bottom shelf of an empty display fixture, indistinguishable from the color of the floor. The hazards of the sidewalk entrance were open and obvious. The sidewalk entrance in this case was lighter in color than the asphalt parking lot. The sidewalk appeared to be approximately one inch higher than the parking lot. When she fell, it was a daytime and a sunny day. The circumstances relating to the

incident were regularly encountered circumstances that did not negate the open and obvious nature of a sidewalk entrance to a laundromat facility.

{¶48} Because the sidewalk entrance was open and obvious, and the attendant circumstances exception is inapplicable, Callahan and Lafferty's owed no duty to protect or warn Thornsley of the danger posed by the sidewalk entrance. We therefore agree with the trial court that Callahan and Lafferty's are entitled to summary judgment in their favor.

{¶49} Thornsley's sole Assignment of Error is overruled.

**CONCLUSION**

{¶50} The judgment of the Coshocton County Court of Common Pleas is affirmed.

By: Delaney, J.,

Wise, Earle, P.J. and

Hoffman, J., concur.