[Cite as *Bullock v. Pilot Travel Ctrs., L.L.C.*, 2022-Ohio-4575.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ROBERT W. BULLOCK, JR. | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 22CA000028 |
| PILOT TRAVEL CENTERS, LLC | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:    Appeal from the Guernsey County Court of
Common Pleas, Case No. 21-PI-189

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    December 14, 2022

APPEARANCES:

For Plaintiff-Appellee

GEORGE R. ORYSHKEWYCH
6100 Oak Tree Boulevard – Suite #200
Independence, Ohio 44131

For Defendant-Appellant

DONALD J. RICHARDSON
ADAM R. UTH
MADISON L. LEANZA
Bonezzi Switzer Polito & Hupp Co., LPA
1300 East Ninth Street – Suite #1950
Cleveland, Ohio 44114

*Hoffman, P.J.*

**{¶1}** Plaintiff-appellant Robert W. Bullock, Jr. appeals the judgment entered by the Guernsey County Common Pleas Court dismissing his negligence complaint against Defendant-appellee Pilot Travel Centers, LLC, on summary judgment.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** On March 11, 2021, Appellant stopped at a travel center owned by Appellee to put fuel in his truck. After fueling his truck at the fuel bay, he drove his truck forward to a line in the pavement called the "stop line," in order to leave space for someone else to pump fuel. Appellant opened his truck door, and looked out to determine if there were any defects in the pavement. Appellant saw a crack in the pavement.

**{¶3}** While descending the steps from his truck to the pavement, Appellant's view was partially blocked by the steps of the truck. Appellant stepped into a hole under the last step of his truck with his right foot. Appellant's foot became wedged in the uneven cracked payment. Appellant fell and was injured.

**{¶4}** Appellant filed the instant action claiming the state of disrepair of the pavement constituted an unreasonably dangerous condition, which Appellee, through its agents or employees, created or allowed to exist, and had knowledge of.

**{¶5}** Appellee moved for summary judgment. The trial court granted the motion for summary judgment, finding the condition was open and obvious. It is from the August 17, 2022 judgment of the trial court Appellant prosecutes his appeal, assigning as error:

THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY GRANTING SUMMARY JUDGMENT AGAINST PLAINTIFF/APPELLANT.

**{¶6}** This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

(E) Determination and judgment on appeal.

The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

The decision may be by judgment entry in which case it will not be published in any form.

**{¶7}** This appeal shall be considered in accordance with the aforementioned rule.

**{¶8}** Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36 (1987). As such, we must refer to Civ. R. 56(C) which provides in pertinent part:

Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence

or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

**{¶9}** Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record demonstrating the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 1996-Ohio-107.

**{¶10}** Appellant argues the trial court erred in applying the open and obvious doctrine because the hole in which he stepped as he descended the stairs was not observable, and the existence of other cracks in the area of the small hole did not put Appellant on notice of the hazard which caused his fall.

{¶11} The business owner is not an insurer of the customer's safety, but it does owe the business invitee a duty of ordinary care to maintain the premises in a reasonably safe condition and to warn of hidden dangers. Under Ohio law, however, a business owner owes no duty to protect an invitee from dangers which are known to the invitee or are so obvious and apparent to the invitee that he or she may be reasonably expected to discover them and protect him or her against them. *Sidle v. Humphrey*, 13 Ohio St.2d 45, 48, 233 N.E.2d 589 (1968). In *Armstrong v. Best Buy Company, Inc.*, the Ohio Supreme Court found a premises owner owes no duty to persons entering the premises regarding dangers that open and obvious. 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, paragraph 5 of the syllabus, *citing Sidle v. Humphrey*, 13 Ohio St.2d 45, 233 N.E.2d 589 (1968), paragraph 1 of the syllabus. The rationale of the open and obvious doctrine is the open and obvious nature of the hazard itself serves as a warning, so owners reasonably may expect their invitees to discover the hazard and take appropriate measures to protect themselves against it. *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644, 597 N.E.2d 504 (1992).

{¶12} When considering whether a condition is open and obvious, the court must consider the nature of the condition itself, not the plaintiff's conduct in encountering the condition. *Knight v. Hartville Hardware, Inc.*, 5th Dist. Stark No. 2015CA00121, 2016-Ohio-1074, 2016 WL 1051598, ¶ 18, *citing Jacobsen v. Coon Restoration & Sealants, Inc.*, 5th Dist. Stark No. 2011-CA-00001, 2011-Ohio-3563, 2011 WL 2848144, ¶ 18. However, the dangerous condition at issue does not actually have to be observed by the plaintiff to be an open and obvious condition under the law. *Kraft v. Johnny Biggs Mansfield, LLC,* 5th Dist. Richland No. 2012 CA 0068, 2012-Ohio-5502, 2012 WL

5985086, ¶ 16 *citing Aycock v. Sandy Valley Church of God,* 5th Dist. Tuscarawas No. 2006 AP 09 0054, 2008-Ohio-105, 2008 WL 115829.

**{¶13}** The determinative issue is whether the condition is observable. *Id.* The landowner's duty is not to be determined by questioning "whether the [condition] could have been made perfect or foolproof. The issue is whether the conditions which did exist were open and obvious to any person exercising reasonable care and watching where she was going." *Jackson v. Pike Cty. Bd. Of Commrs.*, 4th Dist. Pike No. 10CA805, 2010-Ohio-4875, 2010 WL 3902618, ¶ 18 *quoting Orens v. Ricardo's Restaurant*, 8th Dist. Cuyahoga No. 70403, 1996 WL 661024 (Nov. 14, 1996). This Court has found conditions to be open and obvious where the plaintiff's ability to observe the condition was affected by darkness (*See Dunkle v. Cinemark USA, Inc.,* 5th Dist. Licking No. 04 CA 70, 2005-Ohio-3049), and where the plaintiff's vision was obscured by a laundry basket she was carrying (*See Thornsley v. Lafferty's Coin-Op Laundry, LLC,* 5th Dist. Coshocton No. 2021CA0027, 2022-Ohio-3907).

**{¶14}** In the instant case, the photograph taken by Appellant after his fall shows a large network of open and obvious cracks in the pavement in the area where Appellant fell. The hole in which Appellant placed his foot was a part of this larger area of disrepair of the concrete. We find the trial court did not err in finding the condition of disrepair of the concrete was open and obvious, despite the fact the specific portion of the condition in which Appellant placed his foot was obscured by the step of the truck as he descended the stairs.

**{¶15}** The assignment of error is overruled.    The judgment of the Guernsey County Common Pleas Court is affirmed.



By: Hoffman, P.J.

Wise, John, J.  and

Baldwin, J. concur