[Cite as *Bauermeister v. Real Pit BBQ, L.L.C.*, 2014-Ohio-4501.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| THERESA BAUERMEISTER | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| REAL PIT BBQ, LLC, ET AL. | : | Case No. 14 CAE 04 0024 |
| | : | |
| Defendants-Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                            Pleas, Case No. 11 CVC-10-1213



JUDGMENT:                   Affirmed



DATE OF JUDGMENT:           October 9, 2014



APPEARANCES:

For Plaintiff-Appellant                For Defendants-Appellees

ANDREW FUCHS                           JOHN C. NEMETH
580 South High Street, Suite 200       21 East Frankfort Street
Columbus, OH  43215                    Columbus, OH  43206

*Farmer, J.*

{¶1}    On October 7, 2009, appellant, Theresa Bauermeister, ate dinner at Local Roots restaurant located in a commercial strip mall.   Upon leaving, appellant walked down a flight of stairs to the parking lot and fell at the bottom, sustaining injuries.

{¶2}    On October 3, 2011, appellant filed a complaint against appellees, Vincent Margello, Jr., VMJ, Jr. Inc., and Margello Development Company, and others, for negligence.   Appellant alleged that appellees owned, controlled, and/or operated the subject premises.

{¶3}    On November 14, 2012, appellees filed a motion for summary judgment, claiming the steps were not negligently maintained, the open and obvious doctrine, and no duty to light the parking lot area.   Appellant filed a memorandum contra on December 14, 2014 and supplemental authority on April 30, 2013.   By judgment entry filed March 28, 2014, the trial court granted appellees' motion, finding no duty based on the open and obvious doctrine.

{¶4}    Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶5}    "THE JURY MUST BE ALLOWED TO DECIDE WHETHER A CONDITION IS OPEN AND OBVIOUS AS IT IS A QUESTION OF FACT."

II

{¶6}    "THE TRIAL COURT'S RULING CONTRADICTS PUBLIC POLICY AND IS TO THE DETRIMENT OF PUBLIC SAFETY."

I

{¶7}     Appellant claims the trial court erred in granting summary judgment to appellees as genuine issues of material fact exist on whether the condition was open and obvious, and the decision is against public policy and is detrimental to public safety. We disagree.

{¶8}     Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56.   Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 1996-Ohio-211:

> Civ.R. 56(C)   provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.  *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.

{¶9}     As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same

standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35 (1987).

{¶10}  At the outset, we note appellant's public safety argument was not argued to the trial court in her December 14, 2012 response to the summary judgment motion or in her supplemental authority filed April 30, 2013.  Further, in her appellate reply brief, appellant raised for the first time the issue of the staircase in violation of the Ohio Building Code.  Because these issues were not raised to the trial court, we find they are not available for appeal.  *Young v. Rogers,* 12th Dist. Butler No. CA2001-08-183, 2002-Ohio-5135.

{¶11}  In her complaint filed October 3, 2011, appellant alleged that appellees failed to keep the premises reasonably safe for its customers i.e., unreasonable illumination and tilted and irregular height of the bottom step, and appellees failed to comply with Powell City Ordinances 1323.04 (duty of owner to keep premises free of hazards), 521.06 (keep sidewalks in repair and free of any nuisance), 521.04 (no person shall place anything on a sidewalk which may damage the property or injure another), and 1341.01 (any portion of a building which has inadequate means of ingress or egress is a nuisance and shall be abated).

{¶12}  In order to establish a claim for negligence, one must show the existence of a duty, a breach of the duty, and an injury resulting proximately from the breach. *Feldman v. Howard,* 10 Ohio St.2d 189 (1967).  The existence of a duty is a threshold question in a negligence case.

{¶13}  It is undisputed that appellant was a business invitee.  As a business invitee, appellees owed appellant the duty "of ordinary care in maintaining the premises

in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger." *Paschal v. Rite Aid Pharmacy, Inc.,* 18 Ohio St.3d 203, 203 (1985). "Where a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises." *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St.3d 79, 2003-Ohio-2573, syllabus.

{¶14} In *Armstrong* at ¶ 5, the Supreme Court of Ohio discussed the open and obvious doctrine as follows:

> The sole issue before this court concerns the viability of the open-and-obvious doctrine, which states that a premises-owner owes no duty to persons entering those premises regarding dangers that are open and obvious. *Sidle v. Humphrey* (1968), 13 Ohio St.2d 45, 42 O.O.2d 96, 233 N.E.2d 589, paragraph one of the syllabus. The rationale underlying this doctrine is "that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." *Simmers v. Bentley Constr. Co.* (1992), 64 Ohio St.3d 642, 644, 597 N.E.2d 504. A shopkeeper ordinarily owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers. *Paschal v. Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St.3d 203, 18 OBR 267, 480 N.E.2d 474; *Jackson v. Kings Island* (1979), 58 Ohio St.2d 357, 12 O.O.3d 321, 390 N.E.2d 810.

When applicable, however, the open-and-obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claims.

{¶15}  As the *Armstrong* court explained at ¶ 13:

By focusing on the duty prong of negligence, the rule properly considers the nature of the dangerous condition itself, as opposed to the nature of the plaintiff's conduct in encountering it.  The fact that a plaintiff was unreasonable in choosing to encounter the danger is not what relieves the property owner of liability.  Rather, it is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff.

{¶16}  "[T]he landowner's duty is not to be determined by questioning 'whether the [condition] could have been made perfect or foolproof.  The issue is whether the conditions that did exist were open and obvious to any person exercising reasonable care and watching where she was going.' "  *Jackson v. Pike County Board of Commissioners,* 4th Dist. Pike No. 10CA805, 2010-Ohio-4875, ¶ 18, quoting *Orens v. Ricardo's Restaurant,* 8th Dist. Cuyahoga No. 70403, 1996 WL 661024 (Nov. 14, 1996).

{¶17}  The issue of the summary judgment motion which we review as de novo was whether any defect in the stairway or handrail was open and obvious.

{¶18}  Under a Civ.R. 56 standard, we must consider the facts most favorable to the non-moving party.  Appellant's deposition and response to the summary judgment motion argue the following facts to be true:

1) Appellant was exiting the restaurant when it was dark outside, at approximately 9:30 p.m.  Bauermeister depo. at 48.

2) Appellant walked across an elevated deck in front of the building in the direction of the east parking lot.  *Id.* at 49.

3) Appellant proceeded down a flight of stairs leading to the parking lot.  *Id.* at 53.

4) Appellant used the handrail on the one side, and her other arm was linked in her fiancée's arm.  *Id.*

5) At the bottom of the stairway, appellant fell because "I stepped onto an uneven, tilted piece of asphalt."  *Id.* at 55.

6) Appellant was looking down and saw the asphalt, but never any obstruction.  *Id.* at 57.  She just felt the asphalt was uneven and tilted as she fell.  *Id.* at 58.

7) Appellant stated "I believe I stepped in this area, and with it being tilted or slanted, it threw my body to the right and I fell on my right elbow."  *Id.* at 61.

8) Appellant believed the last step was a little longer or further down than the rest.  *Id.* at 73.

9) Appellant had traversed the exact same route to enter the restaurant during the daylight hours.  *Id.* at 30-31, 69.

10) Appellant had successfully negotiated going up the steps using the handrail. *Id.* at 31-32 and 37.

11) Exhibit 1 marked in the deposition is a picture of the stairway, handrail, and asphalt. It is attached to this opinion as Exhibit A.

{¶19} On December 10, 2012, appellant filed the affidavit of an architect, Lee Martin. Mr. Martin opined there was "a significant lack of uniformity in the asphalt that was directly at the bottom of the last stair," there was "an unsafe lack of uniformity in the height of the risers on the stairs," the handrail "did not extend beyond the newel post on the last step," and the asphalt landing was excessively sloped at the bottom of the stairs, about 10% in excess of the Ohio Building Code requirement on slopes of only 2% or less.

{¶20} In reviewing the photograph, attached to this opinion as Exhibit A, the trial court stated the following in its judgment entry filed March 28, 2014:

In this case, the "danger" identified by the Plaintiff could be clearly seen. See Bauermeister Deposition Exhibit 1 (photo). The slated "slab" of asphalt at the bottom of the stairway was not hidden, nor concealed.***Plaintiff had traversed this same route without incident on her way into the building. Thus, she had an opportunity to observe this condition, in sunlight, on a beautiful day. The fact that Plaintiff fell when exiting at night time does not negate the obviousness of the condition. A business owner has no affirmative duty to light walkways and public parking lots outside of their business to accommodate invitees. In fact,

darkness is always a warning of danger and is, of itself, an open an (sic) obvious condition.***

Furthermore, Plaintiff's claim that the slanting pavement violated city ordinances does not bar the application of the open and obvious doctrine.***  (Citations omitted.)

{¶21}  Appellant argues the question of open and obvious is a jury issue, citing in support the Ohio Jury Instructions.  This argument is opposite to Justice Sweeney, Sr.'s analysis in *Armstrong* at ¶ 13 cited *supra*.  Therefore, the open and obvious doctrine relates to the threshold issue of duty and is an absolute defense to a landlord's duty to take "ordinary care" in maintaining premises in a "reasonable safe condition."  Duty is a question of law as is the existence of an open and obvious condition.

{¶22}  Accepting appellant's expert's opinion as unchallenged, we find the slope deviation that Mr. Martin found substantiates appellees' theory that the slope and riser height differentiation is open and obvious and a bar to a negligence action.  A picture is worth a thousand words.  As observed in Exhibit A, the slope is obvious and recognizable.  Further, appellant's own admission indicates the slope caused her misstep, not the lack of an extended handrail.  Appellant admitted to looking down and following the couple in front of her, and she had previously traversed the area safely when going to the restaurant.

{¶23}  We conclude the steps, risers, and asphalt were open and obvious to all who left the area and is a bar to appellant's recovery.

{¶24}  Upon review, we find the trial court did not err in granting summary judgment to appellees.

{¶25}  Assignments of Error I and II are denied.

{¶26}  The judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed.

By Farmer, J.

Gwin, P.J. and

Wise, J. concur.

SGF/sg  920