[Cite as *Wunderle v. Goodwin*, 2026-Ohio-1507.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

IRENE WUNDERLE,

      Plaintiff-Appellant,

- vs -

MARIANN GOODWIN
d.b.a. THE CARRIAGE TRADE
BOUTIQUE, et al.,

      Defendants-Appellees.

CASE NO. 2025-G-0033

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2024 P 000321

---

## OPINION AND JUDGMENT ENTRY

Decided: April 27, 2026
Judgment: Affirmed

---

*Michael J. Feldman* and *Zachary H. Feldman*, Lallo & Feldman Co., L.P.A., 4230 State Route 306, Suite 240, Willoughby, OH 44094 (For Plaintiff-Appellant).

*Thomas J. Cabral* and *Jeremy S. Ribando*, Gallagher Sharp, L.L.P., 1215 Superior Avenue, 7th Floor, Cleveland, OH 44114 (For Defendants-Appellees, Mariann Goodwin d.b.a. The Carriage Trade Boutique, and Rosepointe Cottage Tea Room, L.L.C.).

*Patrick J. Gump* and *Taylor K. Dennen*, McNeal, Schick, Archibald & Biro Co., L.P.A., 4608 Saint Clair Avenue, Cleveland, OH 44103 (For Defendant-Appellee, Susan Klaar).

JOHN J. EKLUND, J.

{¶1} Appellant, Irene Wunderle, appeals the judgment of the Geauga County Court of Common Pleas, granting summary judgment in favor of Appellees, Mariann Goodwin d.b.a. The Carriage Trade Boutique, Rosepointe Cottage Tea Room, L.L.C., and Susan Klaar. Appellant's Complaint alleged that Appellees negligently allowed a dangerous condition to exist on their business premises and failed to warn Appellant of

that danger, resulting in Appellant suffering injury. Appellant has raised a single assignment of error, arguing the trial court erred by granting summary judgment in favor of Appellees.

{¶2}    Having reviewed the record and the applicable caselaw, we find Appellant's assignment of error is without merit. There is no genuine issue of material fact to support the conclusion that Appellees allowed a dangerous condition to exist on their premises that was not an open and obvious condition and there were no attendant circumstances that prevented Appellant from observing the open and obvious condition.

{¶3}    Therefore, we affirm the judgment of the Geauga County Court of Common Pleas.

### Substantive and Procedural History

{¶4}    The facts of this case are not meaningfully in dispute. The Carriage Trade Boutique is a small clothing store located in Chardon, Ohio. There are two entrances to the store, a front entrance and a side entrance. Both are open to the public. Appellant had previously been to the store but had never entered through the front entrance.

{¶5}    On May 17, 2022, Appellant entered the front entrance of the store at 4:00 p.m., during business hours. She was carrying a purse on her shoulder as she entered. She said that he opened the door and "remember immediately falling and hitting my right eye and forehead on . . . the rack of clothes."

{¶6}    Appellant has a chronic eye condition, but she denied that the condition affected her ability to see on the day she visited the boutique. She said that she was wearing corrective contact lenses and her condition did not impede her ability to see when she entered the store. She said that there was nothing blocking her view as she opened

Case No. 2025-G-0033

the door and entered the store. There was nothing distracting her line of sight, and the entrance was well-lit. She believed the step down into the store caused her to fall.

{¶7}    The threshold of the front entrance has a single step downward into the store. The top of the threshold is black, and the riser is painted yellow. Appellant said that as she entered, "I might not have looked down. And I don't recall." However, she agreed that nothing concealed the change in elevation from the threshold to the inside of the store. Appellant could not estimate the height of the step down from two photographs shown to her during her deposition, but she did indicate that the difference was relatively small. She said that if she had she looked down while entering the store, she may not have seen the step down "because the depth is small."

{¶8}    As a result of her injuries, Appellant required surgery and suffered permanent vision loss.

{¶9}    On May 8, 2024, Appellant filed a Complaint against Appellees for negligence relating to premises liability. The Complaint alleged that Susan Klaar was the owner of the premises and was responsible for its care, maintenance, and upkeep. The Complaint further alleged that Mariann Goodwin d.b.a. The Carriage Trade Boutique and Rosepointe Tea Room, L.L.C. leased the premises from Susan Klaar and were also responsible for the care, maintenance, and upkeep of the premises.

{¶10}   The Complaint alleged that the entryway into the business premises was a dangerous and defective condition because it had "an unusual, unexpected, and/or unlawful descent" and that Appellees failed to warn business invitees of that dangerous condition, resulting in Appellant's injury.

Case No. 2025-G-0033

{¶11} On June 12, 2024, Appellees Mariann Goodwin d.b.a. The Carriage Trade Boutique and Rosepointe Cottage Tea Room L.L.C. filed their Answer.

{¶12} On July 1, 2024, Appellee Susan Klarr filed her Answer admitting to owning the premises and leasing it to Mariann Goodwin.

{¶13} On June 16, 2025, Appellees Mariann Goodwin d.b.a. The Carriage Trade Boutique and Rosepointe Cottage Tea Room, L.L.C. filed a Motion for Summary Judgment. Separately, on the same day, Appellee Susan Klaar filed a Motion for Summary Judgment. Both Motions for Summary Judgment argued that the step down from the entrance threshold into the store was an open and obvious condition, that no attendant circumstances existed, and that there were no genuine issues of material fact.

{¶14} On July 1, 2025, Appellant filed a Response in Opposition to Summary Judgment arguing that the slight step down from the threshold was difficult to see because of the small change in depth and that a reasonable person would not have been able to protect themselves from the danger.

{¶15} On July 17, 2025, Appellees Mariann Goodwin d.b.a. The Carriage Trade Boutique and Rosepointe Cottage Tea Room, L.L.C. filed a Reply Brief in Support of Summary Judgment. Separately, on the same day, Appellee Susan Klaar filed a Reply Brief in Support of Summary Judgment.

{¶16} On August 18, 2025, the trial court granted summary judgment in favor of Appellees. The trial court considered the briefs, Appellant's deposition transcript, and two

unauthenticated[1] color[2] photographs of the step in question, one depicting the outside of the step and the other depicting the inside of the step looking toward the door.

{¶17}  The trial court concluded that "nothing prevented [Appellant] from looking down and seeing the step in question." There was nothing obstructing her view and no distractions. The trial court considered Appellant's argument that she was unable to observe the step from her vantage point and dismissed it because she testified that she had no recollection of looking down. According to the trial court, her statement that she was unable to observe the elevation change as she walked in was nothing more than a "supposition."

{¶18}  The trial court also concluded Appellees had met their burden of proving the absence of any genuine issue of material fact and that Appellant had failed to meet her reciprocal burden to prove the existence of a genuine issue of material fact. The trial court determined that the step down from the threshold was "not a defect, but a usual occurrence such that no repair of same is necessary or warranted." The trial court also said that the condition was open and obvious and that there was no duty to warn of its existence. Finally, the trial court said that Appellant failed to identify any attendant circumstances to avoid the application of the open and obvious doctrine.

{¶19}  Appellant timely appealed raising one assignment of error.

---

1. The trial court determined that Appellant's testimony did not authenticate the photographs because she was unable to do so based on a lack of memory. However, the trial court considered the photographs based on Appellant's lack of objection to their inclusion in Appellees' Motions for Summary Judgment. Appellant has not raised this as an issue on appeal, and we likewise consider the photographs.

2. The photographs available to the court of appeals are black and white.

Case No. 2025-G-0033

**Assignment of Error and Analysis**

{¶20} Appellant's sole assignment of error states: "The trial court committed prejudicial error in granting Defendants-Appellees', Mariann Goodwin, The Carriage Trade Boutique, Rosepointe Cottage Tea Room LLC, and Susan Klaar, motions for summary judgment based upon the 'open and obvious' doctrine where the area where Plaintiff-Appellant fell and sustained injuries had a non-discernable step down that could not be perceived from Plaintiff's vantage point, and thus it should not have been considered an open and obvious danger."

{¶21} We review a trial court's grant of summary judgment de novo. *Hapgood v. Conrad*, 2002-Ohio-3363, ¶ 13 (11th Dist.). "We review the trial court's decision independently and without deference, pursuant to the standards in Civ.R. 56(C)." *Allen v. 5125 Peno, L.L.C.*, 2017-Ohio-8941, ¶ 6 (11th Dist.).

{¶22} Summary judgment is appropriate when (1) no genuine issue as to any material fact exists; (2) the party moving for summary judgment is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion and it is adverse to the nonmoving party. *Holliman v. Allstate Ins. Co. Corp.*, 1999-Ohio-116, ¶ 6. The initial burden is on the moving party to set forth specific facts demonstrating that no issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Dresher v. Burt*, 1996-Ohio-107, ¶ 18. If the movant meets this burden, the burden shifts to the nonmoving party to establish that a genuine issue of material fact exists for trial. *Id.*

{¶23} To establish an actionable claim for negligence, one must establish: (1) the defendant owed a duty to plaintiff; (2) the defendant breached that duty; (3) the defendant's breach of duty proximately caused plaintiff's injury; and (4) plaintiff suffered

Case No. 2025-G-0033

damages. *Frano v. Red Robin Internatl., Inc.*, 2009-Ohio-685, ¶ 17 (11th Dist.). For summary judgment purposes, a "material fact" is dependent upon the type of claim. *Peno* at ¶ 7.

{¶24} Appellant was a business invitee at the time she fell. As a business invitee, Appellees owed her "a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger." *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 203 (1985). Storeowners have a duty to protect customers through the exercise of ordinary care by maintaining the premises in a safe condition. *Kornowski v. Chester Properties, Inc.*, 2000 WL 895594, *3 (11th Dist. June 30, 2000). "This duty includes warning invitees of latent defects of which the owner has actual or constructive knowledge." *Id.*; *Brymer v. Giant Eagle, Inc.*, 2011-Ohio-4022, ¶ 10 (11th Dist.).

{¶25} Regardless of whether a person is an invitee or a licensee, where the danger is "open and obvious," a premises owner does not owe a duty of care to the individuals on the premises. *Sabo v. Zimmerman*, 2012-Ohio-4763, ¶ 14 (11th Dist.). The doctrine precludes the duty to warn of an obvious danger and bars negligence claims for injuries suffered as a result of the hazard. *Id.* The basis of the doctrine is that the open and obvious nature of the hazard serves as its own warning to those on the premises. *Id.* "[T]he owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." *Simmers v. Bentley Constr. Co.*, 1992-Ohio-42, ¶ 9.

{¶26} "Because the open and obvious doctrine is related to the element of duty in a negligence claim, it focuses on the nature of the danger rather than the behavior of the

Case No. 2025-G-0033

plaintiff." *Lovejoy v. EMH Regional Med. Ctr.*, 2008-Ohio-3205, ¶ 7 (9th Dist.). Whether a danger is open and obvious is an objective question to be answered without regard to the injury of the plaintiff. *Sabo* at ¶ 15. "The test 'properly considers the nature of the dangerous condition itself, as opposed to the nature of the plaintiff's conduct in encountering it.'" *Id.*, quoting *Armstrong v. Best Buy Co. Inc.*, 2003-Ohio-2573, ¶ 13. Thus, the subjective state of the plaintiff, e.g., what the plaintiff was aware of at the time of the injury, is not part of the objective consideration. *Id.*

{¶27} The proper test of whether a danger is open and obvious is whether the danger was observable, that is to say, whether it was "*discoverable* or *discernible* by one who is acting with ordinary care under the circumstances." (Emphasis in original.) *Earnsberger v. Griffiths Park Swim Club*, 2002-Ohio-3739, ¶ 24 (9th Dist.); *Sabo* at ¶ 15. This means that a plaintiff need not have actually observed the condition for the condition to be open and obvious. *Sabo* at ¶ 15. Whether a given condition is open and obvious is fact specific and determined case-by-case. *Id.* at ¶ 16.

{¶28} In addition, the attendant circumstances doctrine may nevertheless create a genuine issue of material fact as to whether the condition was open and obvious. *Francis v. Loviscek*, 2018-Ohio-4279, ¶ 46 (11th Dist.). Attendant circumstances can include any distraction that would divert the attention of a person under the circumstances and thus reduce the amount of care an ordinary person would take in the situation. *Id.* To satisfy the requirements of the doctrine, the circumstances must, when considered as a whole, be such that they divert the attention, significantly enhance the danger of the unsafe condition, and contribute to the injury. *Id.* "Attendant circumstances do not include the individual's activity at the moment of the fall, unless the individual's attention was

Case No. 2025-G-0033

diverted by an unusual circumstance of the property owner's making." *Kraft v. Johnny Biggs Mansfield, L.L.C.*, 2012-Ohio-5502, ¶ 24 (5th Dist.).

{¶29} In *Sabo*, 2012-Ohio-4763 (11th Dist.), Mrs. Sabo attended a pool party at the Zimmermans' residence. *Id.* at ¶ 3. Sabo fell while stepping down from the driveway onto the grass where "there was about a two-inch difference between the top of the grass and the driveway." *Id.* at ¶ 5. However, Sabo alleged in an affidavit that the height difference was approximately five to seven inches. *Id.* She asserted that from her vantage point, the height difference appeared to be smaller than it actually was. *Id.*

{¶30} We found that reasonable minds could come to only one conclusion: "that the driveway's condition was open and obvious" because the "photographs in the record clearly show a difference in elevation visible to the naked eye between the driveway and the grassy area." *Id.* at ¶ 18. The fact-specific circumstances of the back yard, including features such as outdoor carpet and a concrete patio, "which were visibly lower in elevation than the driveway," made the height difference clear despite the height of the grass. *Id.*

{¶31} Similarly, in *Francis v. Loviscek*, 2018-Ohio-4279 (11th Dist.), we addressed whether a step into a garage was an open and obvious condition. The step was a "four-inch step down from the utility room into the garage onto a concrete pad" that was itself four inches higher than the rest of the garage floor. *Id.* at ¶ 9. The pad covered the full width of the door but was slightly narrower than the door's threshold. *Id.* The plaintiff opened the door to enter the garage and "stepped to the left," which caused her to miss the concrete pad and fall onto the concrete floor of the garage. *Id.* at ¶ 10. The room was

Case No. 2025-G-0033

well lit, and the pad itself was in good repair, with no portion of the concrete missing. *Id.* at ¶ 8, 10.

{¶32} We contrasted the case with the facts in *Miller v. Wayman*, 2012-Ohio-5598 (11th Dist.), where the plaintiff stepped into an unlit room believing it to be a bathroom and we determined that reasonable minds could differ on whether the unlit staircase was an open and obvious hazard. *Id.* at ¶ 42-44, citing *Miller* at ¶ 39-40. The two cases were distinct. In *Francis*, the plaintiff knew the door led to a garage where it could reasonably be expected to encounter a step and where the step down itself was plainly visible. *Id.* at ¶ 45. In *Miller*, the plaintiff believed he was walking into a dark restroom in a store and the step down was neither visible nor expected. *Id.*

{¶33} In *Cooke v. Couture Tattoos L.L.C.*, 2024-Ohio-2590 (5th Dist.), the Fifth District addressed whether a "platform step, approximately 8.25 inches high" with a warning sign, constituted an open and obvious condition. *Id.* at ¶ 23. The court, citing the well-known aphorism that "a picture is worth a thousand words," reviewed a picture of the step and determined that the platform was "obvious and recognizable." *Id.* at ¶ 25. The court also found that no attendant circumstances were present because there were no "'unusual circumstances of the property owner's making'" present when the injury occurred. *Id.* at ¶ 36, quoting *Thornsley v. Lafferty's Coin-Op Laundry, L.L.C.*, 2022-Ohio-3907, ¶ 46 (5th Dist.). The only circumstances present at the time were those that would be regularly encountered, ordinary, or common circumstances; therefore, the doctrine did not apply. *Id.*

{¶34} In this case, Appellant was a business invitee at Appellees' premises. Therefore, Appellees owed a duty of ordinary care to maintain the premises in a

Case No. 2025-G-0033

reasonably safe condition and to warn Appellant of any latent defects of which Appellees had actual or constructive knowledge.

{¶35}  In reviewing the facts de novo, we find that the step down from the threshold into the store was an open and obvious condition. Although Appellant was not able to estimate the size of the step down, she described the step as relatively small. The picture available in evidence shows what appears to be a three-to-four-inch step down from the sidewalk outside into the store. A step down from a threshold is a condition that is frequently encountered and one that is to be reasonably expected when walking into a retail establishment. Further, the condition itself was readily observable. The store was well-lit, and it was daytime when Appellant entered. Nothing was blocking her view of the step. Appellant admitted that she "might not have looked down" and could not specifically recall whether she did or not.

{¶36}  Like the trial court, we conclude that the step down into the store is not a defect, that the condition was open and obvious, and that Appellees had no duty to warn Appellant of the condition. Appellant's belief that she may not have been able to see the step down from her vantage point is just that: a belief. She did not have any independent recollection of seeing the step down. Therefore, her speculation that it may have been difficult to see the step down from her vantage point while entering the store cannot meet her reciprocal burden of demonstrating a genuine issue of material fact.

{¶37}  Appellant cites *Middleton v. Clarky's Closeouts, L.L.C.*, 2025-Ohio-1414 (11th Dist.), for the proposition that the attendant circumstance doctrine should apply. She argues in her brief that the circumstances surrounding her fall were such that a reasonable person "would not have seen the non-discernable step down that blended

Case No. 2025-G-0033

with the floor at the time of her fall. This attendant circumstance . . . prevented her from perceiving the step down into the store that caused her to fall and sustain injury." However, in *Middleton*, the plaintiff encountered a hazard after rounding a blind corner. *Id.* at ¶ 20.

{¶38} Here, Appellant's attempt to invoke the attendant circumstances doctrine under these circumstances is unavailing. She argues that the attendant circumstance was the "non-discernable step down." However, we have already concluded that the step was an open and obvious condition. Further, the step itself is not an attendant circumstance, and Appellant has identified no unusual circumstances of Appellees' own making that would have diverted her attention. Therefore, the doctrine does not apply in this case.

{¶39} Based on our de novo review, we find no error in the trial court granting summary judgment in favor of Appellees.

{¶40} Accordingly, Appellant's assignment of error is without merit.

{¶41} For the foregoing reasons, the judgment of the Geauga County Court of Common Pleas is affirmed.

MATT LYNCH, P.J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2025-G-0033

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, Appellant's assignment of error is without merit.  It is the judgment and order of this court that the judgment of the Geauga County Court of Common Pleas is affirmed.

Costs to be taxed against Appellant.

_____
JUDGE JOHN J. EKLUND

_____
PRESIDING JUDGE MATT LYNCH,
concurs

_____
JUDGE ROBERT J. PATTON,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---